UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
    v.                              )    Criminal No. 08-0001-01 (PLF)
                                    )
GEORGI VASILEV PLETNYOV,             )
                                    )
    Defendant.                      )
_____ )

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Georgi Vasilev Pletynov's *pro se* motion to reduce his sentence. The government opposes the motion. Upon consideration of the parties' written submissions, the relevant case law, and the entire record in the case, the Court will deny the defendant's motion.[1]

I. BACKGROUND

On April 11, 2011, the defendant pleaded guilty, without a plea agreement, to one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 371 and 1343 (Count One), and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1965(h) (Count Two). Minute entry dated April 11, 2011; Judgment at 2; see United States v. Pletnyov, 525 F. App'x 1, 2 (D.C. Cir. 2013). On September 2, 2011, the Court sentenced the

---

[1] The papers reviewed in connection with the pending motion include the following: the defendant's letter motion for modification of sentence ("Mot.") [Dkt. No. 167]; the government's opposition to defendant's motion ("Opp.") [Dkt. No. 173]; the defendant's supplemental memorandum [Dkt. No. 175]; the defendant's reply to the government's opposition [Dkt. No. 176]; the defendant's ex parte motion requesting expedited review [Dkt. No. 177]; the defendant's memorandum in aid of sentencing [Dkt. No. 142]; the defendant's judgment and commitment ("Judgment") [Dkt. No. 159]; the defendant's extradition documents ("Def.'s Extradition Docs.") [Dkt. No. 85]; and the transcript of defendant's sentencing hearing, held September 2, 2011 ("Sept. 2, 2011 Tr.") [Dkt. No. 164].

defendant to 60 months on Count One and 64 months on Count Two, the terms to be served concurrently. Judgment at 2. The parties agreed that this final sentence would reflect a reduction for the time the defendant spent imprisoned overseas under the United States arrest warrant. Sept. 2, 2011 Tr. at 5:18–6:7, 47:13-16. The Court ultimately determined that the defendant was held under the U.S. arrest warrant in Poland for approximately seventeen months, and reduced the defendant's applicable sentencing guidelines range by seventeen months before imposing a final sentence. Id. at 70:5-10, 85:2-5, 85:23–86:1.

The defendant now asks the Court to reduce his sentence by an additional six months because he believes that the Court miscalculated the amount of time that he was detained in Poland under the U.S. arrest warrant. Mot. at 1-2. The government opposes the defendant's motion, arguing that the Court has no authority to modify the defendant's sentence, and that even if it did, the defendant has not presented any credible evidence warranting a reduction in his sentence. Opp. at 3, 5. The Court agrees with the government and finds that it lacks authority to modify the defendant's sentence.

## II. DISCUSSION

The defendant does not specify the authority under which the Court may consider his motion. Because "*[p]ro se* litigants are allowed more latitude than litigants represented by counsel," however, Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir 1993), the Court will consider the defendant's request in light of the two methods through which a district court may modify a previously imposed sentence, as well as under the rules for correcting clerical errors in judgments. See United States v. Scott, 756 F. Supp. 2d 96, 98 (D.D.C. 2010); United States v. Akers, 519 F. Supp. 2d 94, 95 (D.D.C 2007) ("Regardless of how a pro se

2

prisoner styles his motion, a court must review the motion based on its substance.").[2] While a district court has authority in some circumstances to modify a defendant's sentence under 18 U.S.C. § 3582(c) and under 28 U.S.C. § 2255, neither provision applies to this case. Nor is the defendant entitled to a correction in the judgment pursuant to Rule 36 of the Federal Rules of Criminal Procedure.

### A. 18 U.S.C. § 3582(c)

Section 3582(c) permits a Court to modify a sentence after it has imposed that sentence in three instances: (1) on the motion of the Bureau of Prisons based on the defendant's age or extraordinary circumstances; (2) "to reflect a post-sentence reduction in the applicable sentencing guidelines"; and (3) to the extent expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. United States v. Morris, 116 F.3d 501, 504 (D.C. Cir. 1997) (citing 18 U.S.C. § 3582(c)). As explained below, the defendant does not satisfy any of these provisions.

First, the Court may modify a sentence on the motion of the Bureau of Prisons only if "extraordinary and compelling reasons warrant such a reduction" or if the defendant is over the age of 70, has served at least 30 years in prison, and the Director of the Bureau of Prisons has determined that he is no longer a danger to the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Morris, 116 F.3d at 504. The Bureau of Prisons has not made such a motion in this case. In any event, the defendant is not over 70 years of age and does not suggest that extraordinary circumstances apply to his case. Accordingly, this provision does not apply to him.

---

[2] The defendant was represented by counsel throughout the sentencing proceedings in this case, as well as in his appeal to the D.C. Circuit, but he is a *pro se* litigant with respect to the pending motion.

Second, the Court may modify a defendant's sentence "to reflect a post-sentence reduction in the applicable sentencing guidelines." United States v. Morris, 116 F.3d at 504 (citing 18 U.S.C. § 3582(c)). Neither party has presented evidence of a change in the defendant's applicable sentencing guidelines range. Thus, this provision is not at issue.

Finally, the Court may modify a sentence in accordance with Rule 35 of the Federal Rules of Criminal Procedure, or as otherwise permitted by statute. See 18 U.S.C. § 3582(c)(1)(B). Rule 35 permits the Court to modify a sentence in two circumstances: (1) when, within 14 days of imposing the sentence, the Court determines that it has made an arithmetic, technical, or other clear error in calculating that sentence; or (2) on the government's motion asking the Court to reduce a defendant's sentence based on the defendant providing "substantial assistance" to the government. FED. R. CRIM. P. 35(a), (b). The defendant argues that the Court erred in calculating his sentence because it should have reduced his sentence by twenty-three months instead of seventeen, alleging that the U.S. arrest warrant took effect in Poland six months earlier than when the Court determined. Mot. at 2.

As more than 14 days have elapsed since the defendant's sentence was imposed, relief under Rule 35 is plainly foreclosed. See United States v. Griffin, 524 F.3d 71, 83 n.14 (1st Cir. 2008) ("[C]ourts of appeals have uniformly held that Rule 35(a)'s . . . time limit is jurisdictional."); United States v. Small, --- F. Supp. 2d ----, 2014 WL 107973, at *2 (D.D.C. 2014). And even if the defendant's motion were not time-barred, the Court does not find that any arithmetic, technical, or other clear error was committed. Although the Court occasionally referred during the sentencing to the date on which the arrest warrant was *issued*, see Sept. 2, 2011 Tr. at 5:25, 70:9, the Court expressly stated that it intended to reduce the defendant's sentence by the amount of time that the defendant was *actually held under* the U.S. arrest

4

warrant.  See Sept. 2, 2011 Tr. at 5:21–6:1, 85:25–86:1.  The record at the time of sentencing, as well as the current record as supplemented, indicates that the defendant's detention under the U.S. arrest warrant officially commenced on December 11, 2008.[3]

In addition, the defendant does not suggest that he has provided substantial assistance to the government, and the government has not moved for a reduction of the defendant's sentence on this basis.  See In Re Sealed Case No. 97-3112, 181 F.3d 128, 136 (D.C. Cir. 1999) ("[A] court may depart for substantial assistance only upon the filing of an appropriate motion by the government.").  Rule 35 thus is of no help to the defendant.

*B.  28 U.S.C. § 2255*

The Court also declines to recharacterize the defendant's motion as an application for relief under 28 U.S.C. § 2255.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996) (codified in various sections of Title 28 of the United States Code), bars a litigant from filing a "second or successive" Section 2255 motion "absent exceptional circumstances and certification" by the court of appeals.  United

---

[3] Reducing the defendant's sentence under Rule 35 would be improper for two additional reasons.  First, defendant's argument that he ought to have been credited six additional months as a matter of fairness should have been raised during the sentencing hearing, and it was not.  See FED. R. CRIM. P. 35 advisory committee's note (noting that Rule 35 is not intended to "relax any requirement that the parties state all objections to a sentence at or before the sentencing hearing"); see generally Sept. 2, 2011 Tr. (showing defendant's failure to raise six-month issue at sentencing).  Second, the defendant has failed to show why an additional six-month reduction would be fair or appropriate.  As discussed at the sentencing hearing and in the parties' papers, the defendant was convicted of a separate crime in Poland in 2006 and was sentenced to serve four years in prison on that separate offense.  Def.'s Extradition Docs. at 4-5; see Sept. 2, 2011 Tr. 5:9-13; 69:18–70:4; 85:23–86:1.  The defendant was serving that sentence when the United States submitted an extradition request to Poland and while the request was being processed.  Def.'s Extradition Docs. at 3.  There is no evidence that the defendant served any additional time in prison prior to December 11, 2008 because of the U.S. arrest warrant.

5

States v. Palmer, 296 F.3d 1135, 1144 (D.C. Cir. 2002); see 28 U.S.C. § 2255(h). The Supreme Court therefore has held that a district court cannot recharacterize a *pro se* litigant's motion as a "first" Section 2255 motion unless the court:

> notif[ies] the *pro se* litigant that it intends to recharacterize the pleading, warn[s] the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide[s] the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

Castro v. United States, 540 U.S. 375, 383 (2003).

The defendant does not allege that any provision of Section 2255 applies to his case: he does not suggest that the sentence imposed was unconstitutional, that the Court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law. Furthermore, the defendant does not even seek the full amount of relief contemplated by Section 2255, which is the right to be released from prison. Rather, he only asks the Court to reduce his sentence by six months. In these circumstances, the Court is unwilling to recharacterize his motion as one brought under Section 2255. See United States v. Scott, 756 F. Supp. 2d at 99-100.

### C. FED. R. CRIM. P. 36

Under Rule 36 of the Federal Rules of Criminal Procedure, the Court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. See, e.g., United States v. Booker, 436 F.3d 238, 245 n.1 (D.C. Cir. 2006); United States v. Buendia-Rangel, 553 F.3d 378, 379 (5th Cir. 2008) (explaining that clerical errors "exist when the court intended one thing but by merely clerical mistake or oversight did another") (internal quotation omitted)).

6

At the sentencing hearing, the Court expressly stated that it intended to reduce the defendant's sentence by seventeen months to account for the time the defendant was held under the U.S. arrest warrant in Poland. Sept. 2, 2011 Tr. at 5:21–6:1, 85:2-3, 86:1. Accordingly, the Court reduced the defendant's sentence by seventeen months before imposing the final sentence reflected in the written Judgment. Judgment at 2. Thus, there is no clerical mistake or oversight here, as the Judgment reflects the Court's expressed intentions.

### III. CONCLUSION

The Court declines to modify the defendant's sentence because it does not have the authority to do so: none of the situations included under 18 U.S.C. § 3582(c) or Rule 36 applies to this case, and recharacterizing the motion as one under 28 U.S.C. § 2255 would be inappropriate in these circumstances.

Accordingly, for the foregoing reasons, it is hereby

ORDERED that the defendant's motion to reduce his sentence [167] is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE: June 12, 2014                              United States District Judge